Naomi THINNA, Plaintiff,

v.

UNITED STATES of America, Defendant.

Eugene THINNA, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. Nos. 8108, 8109.

United States District Court
E. D. South Carolina,
Charleston Division.

Oct. 21, 1964.

4. See Civil Action No. AC–403, Clerk's Office this court, Columbia, S.C.

Brockinton & Brockinton, Charleston, S. C., for plaintiffs.

Terrell L. Glenn, U. S. Dist. Atty., Columbia, S. C., Thomas P. Simpson, Asst. U. S. Dist. Atty., Charleston, S. C., for defendant.

SIMONS, District Judge.

These two actions were brought by plaintiffs, husband and wife, pursuant to Title 28 U.S.C.A. § 1346 [b], Federal Tort Claims Act, to recover for personal injuries and property damages resulting from a motor vehicle collision. The cases were consolidated and tried before me in Charleston, South Carolina, on July 30, 1964.

In their respective complaints plaintiffs allege that on July 25, 1962 they were proceeding in a northerly direction on Highway #17 toward Charleston from Jacksonboro riding in Eugene's 1956 Buick automobile, which he was driving with Naomi as a passenger in the front seat; that when they reached a point approximately 3 miles north of Edisto River a Chevrolet truck owned by defendant and driven by one of its agents and employees in the U. S. Marine Corps, while in the scope of his lawful duties, struck said Buick automobile in the left rear, causing it to veer and run off the highway into a deep ditch where it overturned several times; that, as a direct and proximate result of the negligent and reckless operation of the said Chevrolet truck by the agent of defendant, plaintiffs suffered severe, painful, and permanent personal injuries, and the said Buick automobile was a total loss.

At the beginning of the trial, the Government admitted liability, stipulated that it was negligent in the operation of its vehicle, and that such negligence was the sole proximate cause of the accident.

Thus, the only issues for determination by the court were the nature and extent of the injuries sustained by the plaintiffs as a result of the accident, and the amount of damages to be awarded to each plaintiff.

Based upon the evidence and credible testimony, and in compliance with Rule 52 [a] of the Federal Rules of Civil Procedure, I find the facts specially and state my conclusions thereon, in the above entitled causes, as follows:

I. As to plaintiff, Eugene Thinna:

■ His 1956 Buick two-door sedan was a total loss. Prior to the accident the car was clean, in good condition, and had a fair market value of $595. After the accident the car had a salvage value of $50. I therefore find that he has suf-

fered property damage in the sum of $545.

In the accident, plaintiff was thrown out of his car, and suffered the following personal injuries: Fracture of the second cervical vertebra accompanied by severe pain, tenderness and spasms in his neck and shoulders, leaving some limitation in lateral bending; abrasion of the outer left leg and foot, leaving a disfiguring scar; contusions and bruises over his head, body and limbs; narrowing of the interspace between second and third cervical vertebrae in the neck.

He was hospitalized in McClennan-Banks Memorial Hospital for a period of 21 days; during this time his neck injuries required that he be kept in cervical traction for ten days. He was also required to wear a steel neck brace day and night for a period of 65 days to immobilize his head and neck. His leg and foot injuries, which were quite painful, have completely healed and are in no way disabling at the present time.

Plaintiff was discharged from the hospital on August 15, 1962, at which time he was still wearing the aforesaid neck brace. He continued to receive treatment for neck injury and pain thereafter. On October 3, 1962, he developed severe pain in his left lower abdomen which was diagnosed as a spastic colon associated by tenderness, indigestion and constipation, resulting from anxiety reaction and shock attributable to the accident.

In July 1964, plaintiff was last seen and examined by his attending physician, Dr. O. S. Reeder. At that time he was still suffering from some residual effects of his said injuries including pain, stiffness and soreness in neck and shoulders, shortness of breath, difficulty in sleeping, and abdominal and anxiety symptoms consistent with the spastic colon. He continues to tire more quickly and cannot exert himself physically for extended periods as he could before he was injured. He will continue to have neck pain and require medical care and attention in the future.

These residual injuries are of a permanent nature. As a result thereof, plaintiff has sustained a general bodily disability of 15% which has permanently reduced his earning capacity. At the time of the accident, plaintiff was 48 years of age, and according to the South Carolina Mortuary Table [1], he had a life expectancy of 22.88 years.

Prior to the accident plaintiff was a self-employed small farmer and mechanic, and he also occasionally supervised field workers for others. From the date of the accident until about January 1963, he was temporarily totally disabled; and he was thereafter partially disabled until about July 1963. Because of such disabilities, he sustained some loss of income during this period, but the evidence is not sufficiently definite for the court to compute with any degree of accuracy the amount of his monetary loss. Such amount is so conjectural or speculative, that I am unable to find any special damages in this regard.

Mrs. Mae Tillman, sister of plaintiff Naomi Thinna, took care of plaintiffs' three children for 19 weeks, from July 25, 1962 to November 26, 1962, in her home near Cottageville, South Carolina; she provided food, lodging, medical attention, nursing, and transportation for visitation purposes to Charleston while plaintiffs were in the hospital. She also cared for plaintiff Naomi Thinna from the date of her release from the hospital on September 26, 1962 to November 26, 1962, providing her lodging, meals and nursing care. Such care was necessitated by plaintiffs' injuries, and Mrs. Tillman is entitled to be paid for such services. She has submitted a bill for the reasonable value of such services in the sum of $800, which I consider to be fair and reasonable.

Plaintiff has incurred medical, doctors' and hospital bills for himself in

1. 1962 S.C.Code of Laws, Section 26–12.

the amount of $884.80, and for his wife in the amount of $1893.78.

■ Because of the nature and extent of the severe injuries suffered by his wife he lost completely her services, society and companionship during her hospitalization and subsequent convalescence in her sister's home; he lost partially such services thereafter during her recovery for the remainder of 1962 and until she returned to her former occupation in February 1963. Because of the injuries sustained by his wife in her vagina and pelvic area, he has lost the physical [sexual] consortium of his wife since the accident, and this loss has continued to the date of the trial. In view of the nature and extent of her injuries, it is reasonable to assume that such loss of physical consortium will continue indefinitely into the future.

II. As to plaintiff, Naomi Thinna:

■ In the accident, she sustained the following serious, painful and permanent injuries: Severe sprain of the neck; deep abrasion of the lower lip; displacement of right lower incisor tooth; fractures of left 9th and 10th ribs; comminuted fractures of both rami of the left pubic bone or pelvis; fracture of the sacrum at the juncture of S–3 and S–4 vertebrae; laceration of the vagina 2 inches in length; and a 2 centimeter separation of the symphysis pubis.

■ These injuries caused her to suffer agonizing and excruciating pain, and to be hospitalized for 63 days; they caused her to lose large quantities of blood and to require several blood transfusions. They also required that she be placed in a pelvic sling which kept her immobilized and on her back for a period of five weeks. During this time her ribs could not be taped or strapped because of the pelvic sling. She suffered severe pain in the chest during the entire time her rib fractures were healing; she was also unable to receive traction for her neck injury during this period; in addition her bladder was catheterized which

triggered an infection known as pyelonephritis.

■ She was discharged from the hospital on September 26, 1962. At that time x-rays revealed that the fractures of the ribs, the fracture of the sacrum and the fractures of the left pubic bones of the pelvis had healed satisfactorily, leaving a one-half centimeter displacement of the two pelvic rami; and that the two centimeter separations of the symphysis pubis had been reduced to a one centimeter deformity.

■ On July 22, 1964, plaintiff was again examined by her attending physician, Dr. Reeder. From his findings at that time, it is evident that she was still suffering, and will continue to suffer, from pains in her chest, neck and groin; that adhesions have formed in the pelvic area causing pain; that the right shoulder is limited in motion; that there is a muscle tightness and "heaviness" in the left leg, causing weakness in the leg and a noticeable limp; that as a result of these residual damages plaintiff will have difficulty in stooping, walking upstairs and lifting heavy objects. I further conclude that plaintiff has reached maximum improvement, and that she has suffered a 15% permanent partial disability, which will limit her normal activities such as walking, bending, turning the head and body; and will interfere with the performance of her usual duties as a mother, housewife and teacher. She will continue to suffer pain and discomfort as long as she lives. Her earning capacity has been permanently reduced.

■ At the time of the accident plaintiff was 49 years of age, and according to the South Carolina Mortuary Table [2] she had a life expectancy of 22.12 years.

■ Prior to the accident plaintiff was a healthy mother of three children, a dutiful housewife and public school teacher. As a result of this accident, she was unable to commence teaching on September 4, 1962, at Central Elementary Public School at Cottageville, South Caro-

2. See Note 1, supra.

lina, a distance of twelve miles from her home. Her salary would have been $444 per month had she been able to resume her teaching position at that time. Plaintiff was temporarily disabled and unable to work during the entire period from July 25, 1962 to February 4, 1963, when she resumed teaching at the salary mentioned above at Jonesville Elementary Public School, Yemassee, South Carolina, a distance of 35 miles from her Jacksonboro home. Therefore, plaintiff lost 5 months' salary as a result of this accident, at $444 per month, or a total loss of $2,220.

▇▇▇ III. For the foregoing reasons, I conclude that plaintiff Eugene Thinna is entitled to recover from defendant the sum of Seven Thousand, Five Hundred and 00/100 [$7,500.00] Dollars as actual damages for personal injuries, Three Thousand, Five Hundred Seventy-eight and 58/100 [$3,578.58] Dollars as special damages, and Five Hundred Forty-five and 00/100 [$545.00] Dollars as actual property damages, aggregating the sum of Eleven Thousand, Six Hundred Twenty-three and 58/100 [$11,623.58] Dollars. It is, therefore,

Ordered that judgment be entered for said amount in his favor.

▇▇▇ IV. I further conclude that plaintiff Naomi Thinna is entitled to recover from defendant the sum of Seventeen Thousand, Five Hundred and 00/100 [$17,500.00] Dollars as actual damages for personal injuries, and Two Thousand, Two Hundred Twenty and 00/100 [$2,-220.00] Dollars as special damages, aggregating a total of Nineteen Thousand, Seven Hundred Twenty and 00/100 [$19,-720.00] Dollars. It is, therefore,

Ordered that judgment be entered for said amount in her favor.

V. It is further ordered that attorneys for plaintiffs be and they are hereby authorized to receive as a reasonable attorneys' fee twenty percent of the total amount of the aforesaid awards, to be paid out of, but not in addition to, the amount of said awards.